JS 44 (12/12)

# CIVIL COVER SHEET

16-CV-2439

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I.
**(a) PLAINTIFFS**
Lindsey Klobchar

**DEFENDANTS**
Ability Recovery Services

**(b)** County of Residence of First Listed Plaintiff  Lackawanna County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Antranig Garibian, Esq.
Garibian Law Offices, P.C.
1800 John F. Kennedy Boulevard, Suite 300
Philadelphia, PA 19103
(P)(215) 326-9179

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 340 Marine | **LABOR** | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | **PERSONAL PROPERTY** | | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **PRISONER PETITIONS** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 463 Alien Detainee | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 510 Motions to Vacate Sentence | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 530 General | **IMMIGRATION** | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | |
| | ☐ 448 Education | **Other:** ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | |
| | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding  
☐ 2 Removed from State Court  
☐ 3 Remanded from Appellate Court  
☐ 4 Reinstated or Reopened  
☐ 5 Transferred from Another District *(specify)*  
☐ 6 Multidistrict Litigation

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
15 U.S.C. § 1692, et seq.

Brief description of cause:
Unlawful Debt Collection Practices

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** TBD

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*  JUDGE _____  DOCKET NUMBER _____

DATE  5-11-16

SIGNATURE OF ATTORNEY OF RECORD  /s/ Antranig Garibian

MAY 16 2016

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

UNITED STATES DISTRICT COURT     16     2439

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1168 West Elm Street, Scranton, PA 18504

Address of Defendant: 1 Montage Mountain Rd., Suite A, Moosic, Pennsylvania 18507

Place of Accident, Incident or Transaction: 1168 West Elm Street, Scranton, PA 18504
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐ No☒

Does this case involve multidistrict litigation possibilities?     Yes☐ No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
     Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
     Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
     Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
     Yes☐ No☒

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) FDCPA, 15 U.S.C. 1692 et seq.

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*
I, Antranig Garibian, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 5-18-16     _____ Attorney-at-Law     94538 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/18/16     _____ Attorney-at-Law     94538 Attorney I.D.#

CIV. 609 (5/2012)

MAY 16 2016

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

Lindsey Klobchar :  CIVIL ACTION

v. :

Ability Recovery Services : NO. **16  2439**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( )

5/17/16  Antranig Goribian  Plaintiff, Lindsey Klobchar
Date  Attorney-at-law  Attorney for

215.326.9179  267-238-3802  ag@garibianlaw.com
Telephone  FAX Number  E-Mail Address

(Civ. 660) 10/02

MAY 16 2016

**GARIBIAN LAW OFFICES, P.C.**
Antranig N. Garibian, Esq., PA Attorney ID No. 94538
1800 John F. Kennedy Boulevard, Suite 300
Philadelphia, PA 19103
Telephone: (215) 326-9179
ag@garibianlaw.com
*Attorney for Plaintiff*

16   2439

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FILED
MAY 1 6 2016
MICHAEL E. KUNZ, Clerk
By _____ RT _____ Dep. Clerk

| | |
|---|---|
| LINDSEY KLOBCHAR, | ) |
|   Plaintiff, | ) **CIVIL ACTION NO.** |
| vs. | ) **COMPLAINT** |
| ABILITY RECOVERY SERVICES, | ) |
|   Defendant. | ) |

## COMPLAINT

Plaintiff, LINDSEY KLOBCHAR ("Plaintiff"), by and through undersigned counsel, by way of Complaint against Defendant, ABILITY RECOVERY SERVICES ("Defendant"), avers as follows:

### JURSIDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331and supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

2. Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

3. Plaintiff is a natural person, who at all relevant times has resided in Scranton, Pennsylvania, and is a "consumer" as used and defined under 15 U.S.C. §1692(a) of the FDCPA.

4. Defendant is a debt collector within the meaning of the FDCPA because it uses the mails in a business that regularly collects and attempts to collect debts owed or due to another. Defendant has a principal place of business located at 1 Montage Mountain Rd., Suite A, Moosic, Pennsylvania 18507.

5. Defendant is a "debt collector" as the phrase is defined under 15 U.S.C. §1692(a) of the FDCPA.

## FACTUAL ALLEGATIONS

6. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged medical debt owed by Plaintiff.

7. The alleged debt arises from transactions for personal, family and household purposes.

8. Beginning in or about July 2015 and continuing through October 2015, Defendant attempted to contact Plaintiff on multiple occasions via telephone and left voicemail messages in an attempt to collect the alleged obligation ("Voicemails").

9. One such voicemail message stated as follows:

> Hi, Lindsay, this is Paul calling from ARS regarding the account that was transferred here to our office, case no. 23994. Can you please give me a call back, the phone number is 570-207-1892 ext. 232?

10. A second such voicemail message stated as follows:

> Hi, Lindsay, this is Paul calling from ARS regarding the account that's here with One Stop Auto Credit. Can you please give me a call back, the phone number is 570-207-1892 extension to my department is 232?

2

11. Defendant's representatives would leave several additional voicemails simply providing their name and a phone number to call back.

12. Each of the Voicemails and the Message is a "communication" as defined by 15 U.S.C. §1692a(2).

13. Each of the Voicemails uniformly failed to identify the callers as debt collectors attempting to collect a debt.

14. Upon information and belief, it is the regular practice of Defendant to leave messages to be conveyed to "consumers" that do not meaningfully identify themselves as a debt collector.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692(e)(11)

15. Plaintiff repeats the allegations contained in paragraphs 1 through 14 and incorporates them as if set forth at length herein.

16. Plaintiff received a series of Voicemails from Defendant in an attempt to collect on an alleged debt.

17. In each of the Voicemails left for Plaintiff, Defendant's representative failed to disclose that the communication was from a debt collector.

18. Defendant's failure to notify Plaintiff that the phone call was from a debt collector violates 15 U.S.C. §1692(e)(11), which states in pertinent part that it is a violation to fail to disclose in the initial communication that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose and to fail to disclose in each subsequent communication that the communication is from a debt collector.

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692d(6)

19. Plaintiff repeats the allegations contained in paragraphs 1 through 18 and incorporates them as if set forth at length herein.

20. Plaintiff received a series of Voicemails from Defendant in an attempt to collect on an alleged debt.

21. Defendant's Voicemails to Plaintiff without identifying the nature of its business or the company making the telephone calls violates 15 U.S.C. §1692d(6), which prohibits the placement of telephone calls without meaningful disclosure of identity.

## JURY TRIAL DEMAND

22. Plaintiff demands a jury trial on all issues so triable.

**WHEREFORE**, Plaintiff, LINDSEY KLOBCHAR, respectfully requests that this Court enter judgment against Defendant, and on behalf of Plaintiff, and requests the following:

a. That an Order be entered declaring Defendant's actions, as described above, in violation of the FDCPA;

b. That a Judgment be entered against Defendant for actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

c. That a Judgment be entered against Defendant for statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A) and (B), in the amount of $1,000.00;

d. That this Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §1692k (a)(3); and

e. That this Court grant such other and further relief as may be just and proper.

Respectfully Submitted,

Antranig Garibian, Esq.
PA Bar No. 94538
Garibian Law Offices P.C.
1010 N. Bancroft Parkway, Suite 22
Wilmington, DE 19805
Phone: (215) 680-5581
Email: ag@garibianlaw.com

Of Counsel to the Firm:
Law Offices of Michael Lupolover
120 Sylvan Avenue, Suite 300
Englewood Cliffs, NJ 07632
(T) 201-461-0059
(F) 201-608-7116

5